IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13cv146 (JCC/JFA) |
| | ) | |
| $17,550 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Claimant Mandrel Lamont Stuart's ("Claimant") Petition for Fees and Interest Pursuant to 28 U.S.C. § 2465 ("Petition"). [Dkt. 40.] The Court is satisfied that oral argument would not assist the decisional process; accordingly, it will decide the Petition on the papers pursuant to Local Civil Rule 7(J) and Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the Court will grant Claimant's Petition.

### I. Background

The Government initiated this forfeiture action of $17,550 in United States Currency after finding the bills hidden in Claimant's car during a traffic stop. (Compl. [Dkt. 1] at 1-2.) Claimant opposed the forfeiture, and this case was presented to a jury on October 22, 2013. After a full day of

1

testimony, the jury found that the currency was not subject to forfeiture. (Verdict Form [Dkt. 37] at 1-2.)

Claimant has now moved the Court for attorney fees, litigation costs, and interest under 28 U.S.C. § 2465. (Claimant's Pet. for Fees at 1.) Claimant has submitted a full description of his attorney's time and the amount of costs expended in pursuing this claim. The Government has filed a response, and it does not object to Claimant's request or the reasonableness of the items set forth in the Petition. (Gov't's Resp. [Dkt. 41] at 1.)

## II. Standard of Review

The Civil Asset Forfeiture Reform Act ("CAFRA") states that in any civil proceeding to forfeit property in which the claimant "substantially prevails," the United States is liable for "reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1). CAFRA also provides for pre and post-judgment interest when the property seized is currency. *Id.*

CAFRA does not specify how fee awards should be calculated, and, based upon this Court's research, the Fourth Circuit has not yet addressed the proper method for determining a fee award under this section. The lodestar method is customarily used to determine attorney fees under fee-shifting statutes, *see Blanchard v. Bergeron*, 489 U.S. 87, 93–94 (1989),

2

and other courts to address this issue have utilized this approach, *see United States v. One Star Class Sloop Sailboat*, 546 F.3d 26, 37-38 (1st Cir. 2008). The Court sees no reason to depart from the lodestar method under CAFRA. *See United States v. $23,400.00 in U.S. Currency*, Civil No. 1:05CV310, 2007 WL 1080292, at *3 (W.D.N.C. Apr. 9, 2007) ("Attorney fees under CAFRA are determined using a 'lodestar' analysis[.]").

Under this approach, a reasonable attorney's fee is initially determined by calculating the "lodestar figure," which is the "product of reasonable hours times a reasonable rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). In deciding "what constitutes a 'reasonable' number of hours and rate . . . a district court's discretion should be guided by the . . . twelve factors" set forth in *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n.28 (4th Cir. 1978). *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). The court need not address all twelve factors independently, because "such considerations are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Freeman v. Potter*, No. 7:04cv276, 2006 WL 2631722, at *2 (W.D. Va. 2006) (citing *Hensley*, 461 U.S. at 434 n.9).

"After determining the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones . . . . [O]nce the court has

subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Robinson*, 560 F.3d at 244 (citations and internal quotation marks omitted).

The party requesting fees bears the burden of demonstrating the reasonableness of what it seeks to recover by clear and convincing evidence. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). Attorney fee awards are within the discretion of the district court and are reviewed for abuse of discretion. *See McDonnell v. Miller Oil Co., Inc.*, 134 F.3d 638, 640 (4th Cir. 1998).

### III. Analysis

It is undisputed that Claimant, as the succeeding party at trial, is entitled to the relief provided by 28 U.S.C. § 2465. To this end, he has submitted a spreadsheet detailing the work performed by his attorney on the present dispute as well as the costs associated with pursuing this litigation. (Claimant's Pet. for Fees, Ex. A.) The Court has reviewed this material and finds that the fees and costs requested are reasonable under the framework set forth above. The hours charged by counsel are judicious given this case proceeded to trial, and the identified billing rate is well within the market for attorneys in this area. This conclusion is reinforced by

4

the Government's response that it has no objections to the figures sought.  (Gov't's Resp. at 1.)

### IV. Conclusion

Accordingly, the Court will grant Claimant's Petition and award him the fees and costs requested plus interest under 28 U.S.C. § 2465.  An appropriate Order will issue.

|  |  |
|---|---|
| November 14, 2013<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |